NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DYLAN ISAAC BURSELL,

            Plaintiff-Appellant,

    v.

COLLETTE PETERS; et al.,

            Defendants-Appellees.

No.    20-35405

D.C. No. 2:18-cv-01978-HZ

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted June 10, 2021**
Portland, Oregon

Before:  WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Dylan Bursell appeals the summary judgment in favor of defendants for

failure to exhaust administrative remedies under the Prison Litigation Reform Act

("PLRA") on his Section 1983 claim over alleged secondary exposure to pepper

spray while in custody at the Eastern Oregon Correctional Institution ("EOCI").

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and, reviewing de novo, we affirm. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc).

Bursell asserts that he was not required to exhaust the prison's administrative grievance procedures because administrative remedies were not "available" to him within the meaning of the PLRA. 42 U.S.C. § 1997e(a). Bursell argues that because two other prisoners were ultimately denied administrative relief over the same alleged pepper spray exposure, the grievance process "operate[d] as a simple dead end" which he was not required to exhaust. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).

The PLRA requires a prisoner to comply with the prison's own procedures for pursuing administrative remedies in order to properly exhaust. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Under EOCI's grievance procedures, Bursell was required to grieve the March 13, 2018, pepper spray exposure incident no later than April 12, 2018. The other two prisoners' grievances were not finally denied until June 2018. That two other prisoners' grievances were denied *after* Bursell's deadline to file his own grievance is not sufficient to suggest "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Ross*, 136 S. Ct. at 1859 (requiring "facts on the ground" to demonstrate that there is "no [] potential" of relief through the grievance process). Bursell was

therefore required to exhaust EOCI's grievance procedures before filing his federal suit.

**AFFIRMED.**